RECEIVED

JUN 27 2007

CLERK
U.S. DISTRICT COURT
MIDDLE DIST. OF ALA.

IN THE UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF ALABAMA, SOUTHERN DIVISION

| | |
|---|---|
| MICHAEL McMURPHY and MICHELLE McMURPHY, <br><br> Plaintiffs, <br><br> vs. <br><br> JOHNNY HENDERSON, individually and as managing member of WILLIAMSBURG I OF ENTERPRISE, L.L.C., WILLIAMSBURG I OF ENTERPRISE, L.L.C., JOHN ROBERT CHANCEY individually and as managing member of ENTERPRISE SURVEYING, L.L.C., ENTERPRISE SURVEYING, L.L.C., and RON REEVES d.b.a. JOHNSON & REEVES ENGINEERING, <br><br> Defendants. | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) )   Case #: 1:07cv590-mHT <br><br><br><br><br><br><br><br><br><br><br><br> Jury Trial Demanded |

## COMPLAINT

### JURISDICTION

1. The matter in controversy exceeds, exclusion of costs, ONE HUNDRED THOUSAND DOLLARS($100,000).

2. Plaintiffs are resident citizens of Florida. Plaintiff Michael McMurphy is an officer in the United States Army stationed in Fort Rucker, Alabama, currently deployed overseas. Plaintiff Michelle McMurphy remains at her husband's state side posting while her husband is deployed out of the country.

3. Defendant Johnny Henderson is a resident citizen of Coffee County, Alabama.

4. Defendant Williamsburg I of Enterprise, L.L.C. is a limited liability company organized under the laws of the State of Alabama doing business in Coffee County, Alabama.

5. Ron Reeves d.b.a. Johnson & Reeves Engineering undertook to provide professional services involving Coffee County, Alabama.

6. Robert Chancey by information and belief is a resident citizen of Coffee County, Alabama.

7. Enterprise Surveying, L.L.C. is a limited liability company organized under the laws of the State of Alabama and doing business in Coffee County, Alabama.

8. This Court has jurisdiction of this matter based upon diversity pursuant to 28 U.S.C. § 1332.

## COUNT ONE
## Rescission of Contract

9. Plaintiffs incorporate by reference the preceding paragraphs as if they were set out herein in their entirety.

10. Plaintiffs entered into negotiations with the Defendants to purchase five real estate lots that were located in a sub division that the Defendants Henderson and Williamsburg I of Enterprise, L.L.C. had undertaken to develop.

11. At the time of the purchase the Plaintiffs were provided with a plat of the subdivision which the Plaintiffs relied upon in selecting which lots to purchase.

12. After Plaintiffs expended $245,000 to purchase the lots they discovered that the plats did not accurately depict that portions of three of the lots were protected wet lands which could not be built upon and whose use was restricted.

13. In addition the placement of the drainage or sewage easements was not correctly depicted on the plats as they crossed parts of the lots which Plaintiffs purchased.

14. Plaintiffs incurred interest on the purchase of all of the effected lots. In addition Plaintiffs expended an additional sum of for fees and permits on one particular lot affected by the existence of wetlands and the movement of the easement.

15. As a result of the protected wetlands and easement, the plans which were drawn up for developing lot were no longer usable.

Wherefore Plaintiffs request that this Court enter an order rescinding the contract with the Defendant in total, or for the four effected lots, plus accrued interest and the costs Plaintiffs incurred for the development of the lot.

## COUNT TWO
## Breach of Contract

16. Plaintiffs incorporate by reference the preceding paragraphs as if they were set out herein in their entirety.

17. As a result of the discrepancy between the plat of the property and the true

nature of the lots purchased by the Plaintiffs, the property is not as valuable as it would otherwise be.

18. As a result in the discrepancy between the plat and the true condition of the property the lots purchased by the Plaintiffs are not as valuable as they would otherwise be.

Wherefore Plaintiffs request the difference between the true value of the properties and the value of the properties as platted, the costs incurred in developing the property which cannot be used.

### COUNT THREE
### FRAUD

19. Plaintiffs incorporate by reference all of the preceding paragraphs into this count as if they were set out herein in their entirety.

20. Defendant Henderson, individually and on behalf of Williamsburg I of Enterprise, L.L.C., willfully represented either affirmatively or implicitly that the property sold to Plaintiffs did not contain protected wetlands and that the easements were placed as shown on the plat.

21. In the alternative Defendant Henderson, individually and on behalf of Williamsburg I of Enterprise, L.L.C., recklessly misrepresented without knowledge of the truth or falsity thereof that the property sold to Plaintiffs did not contain protected wetlands and that the easements were placed as shown on the plat.

22. In the alternative Defendant Henderson, individually and on behalf of Williamsburg I of Enterprise, L.L.C., mistakenly or innocently misrepresented that the property sold to Plaintiffs did not contain protected wetlands and that the easements were placed as shown on the plat.

23. The Plaintiffs relied on the Defendants' misrepresentations to their detriment and purchased the five lots for $245,000.

24. As a result of the existence of the protected wet lands and the placement of the easements the property is not as valuable as it would have been but for the existence of the protected wetlands and the fact that the placement of the easements restricts the manner in which homes can be placed on the lots.

Wherefore the Plaintiffs request compensatory and punitive damages as appropriate, and court costs.

### COUNT FOUR
### NEGLIGENCE

25. Plaintiffs incorporate by reference all of the preceding paragraphs into this count as if they were set out herein in their entirety.

26. Ron Reeves d.b.a. Johnson & Reeves Engineering and John Robert Chancey, individually and as managing member of Enterprise Surveying, L.L.C. undertook to survey and plat out the property being offered for sale by Defendants Henderson and Williamsburg I of Enterprise, L.L.C. with the understanding that parties other than the Defendants Henderson and Williamsburg I of Enterprise, L.L.C. would be relying on said work in evaluating real estate for purchase, both now and in the future.

27. Through the negligence of either the engineering company or the surveyor, the plat of the property sold by the Defendant did not accurately reflect the actual easements nor did the plat accurately reflect the existence of protected wetland areas on plat which was provided to the Plaintiffs.

28. As a result of the negligence of either Defendants Enterprise Surveying, L.L.C. and John Robert Chancey or Ron Reeves d.b.a. Johnson & Reeves Engineering or the combined negligence of the Defendants named in this paragraph, the Plaintiffs were caused to purchase land that was not as valuable or as useful for development as it would have been if the plat had correctly reflected the protected wet land areas and the placement of easements.

Wherefore the Plaintiffs request judgment for compensatory damages and costs.

Dated this the 26th day of June, 2007.

_____
DAVID W. ROUSSEAU (ROU007)
211 W. Adams Street
Dothan, Alabama 36303
(334) 699-9000
Attorney for Plaintiffs

### Jury Demand

Plaintiffs demand a trial by struck jury.

_____

Serve Defendants at:

Johnny Henderson
121 S. Main St.
Enterprise, AL 36330

Williamsburg I of Enterprise, L.L.C.
c/o Johnny Henderson
121 S. Main St.
Enterprise, AL 36330

John Robert Chancey
210 E. Grubbs Ave.
Enterprise, AL 36330

Enterprise Surveying, L.L.C.
c/o John Robert Chancey
210 E. Grubbs Ave.
Enterprise, AL 36330

Ron Reeves d.b.a. Johnson & Reeves Engineering
121 Ardis Place
Dothan, AL 36301