IN THE UNITED STATE DISTRICT COURT FOR THE
MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | | |
|---|---|---|
| MICHAEL McMURPHY and<br>MICHELLE MCMURPHY, | *<br>*<br>* | |
| Plaintiffs, | * | |
| vs. | * | 1:07CV590-MNT |
| | * | |
| RON REEVES d/b/a JOHNSON &<br>REEVES ENGINEERING, et al., | *<br>*<br>* | |
| Defendants. | * | |

## ANSWER

COMES NOW Defendant denominated as "Ron Reeves d/b/a Johnson and Reeves Engineering" in the above-styled action and answers the Plaintiffs' Complaint as subsequently amended by stating as follows:

1.  Defendant denies the allegations contained in Paragraph 1 of the Plaintiffs' Complaint as amended.

2.  Defendant denies the allegations of Paragraph 2 of the Plaintiffs' Complaint as amended to the extent it alleges that the Plaintiffs are resident citizens of the state of Florida.

3.  Upon information and belief, Defendant admits the allegations contained in Paragraph 3 of the Plaintiffs' Complaint as amended.

4.  Upon information and belief, Defendant admits the allegations contained in Paragraph 4 of the Plaintiffs' Complaint as amended.

5.  Defendant denies that allegations of Paragraph 5 of the Plaintiffs' Complaint as amended as phrased.

6. Upon information and belief, Defendant admits the allegations contained in Paragraph 6 of the Plaintiffs' Complaint as amended.

7. Upon information and belief, Defendant admits the allegations contained in Paragraph 7 of the Plaintiffs' Complaint as amended.

8. Defendant denies the allegations contained in Paragraph 8 of the Plaintiffs' Complaint as amended.

9. Defendant hereby adopts and re-avers their responses to the preceding paragraphs as if fully set-out and re-averred herein in full.

10. Defendant denies that he negotiated or entered into any agreement with the Plaintiffs as amended.

11. Defendant is without sufficient information or knowledge to neither admit nor deny the allegations contained within Paragraph 11 of the Plaintiffs' Complaint as amended and therefore denies same.

12. Defendant denies the allegations contained in Paragraph 12 of the Plaintiffs' Complaint as amended.

13. Defendant denies the allegations contained within Paragraph 13 of the Plaintiffs' Complaint as amended as phrased.

14. Defendant is without sufficient information or knowledge to neither admit nor deny the allegations contained within Paragraph 14 of the Plaintiffs' Complaint as amended and therefore denies same.

15. Defendant denies that allegations contained within Paragraph 15 of the Plaintiffs' Complaint as amended.

16.  Defendant hereby adopts and re-avers their responses to the preceding paragraphs as if fully set-out and re-averred herein in full.

17.  Defendant denies the allegations contained within Paragraph 17 of the Plaintiffs' Complaint as amended.

18.  Defendant denies the allegations contained within Paragraph 18 of the Plaintiffs' Complaint as amended.

19.  Defendant hereby adopts and re-avers their responses to the preceding paragraphs as if fully set-out and re-averred herein in full.

20.  Defendant is without sufficient information or knowledge to neither admit nor deny the allegations contained within Paragraph 20 of the Plaintiffs' Complaint as amended and therefore denies same.

21.  Defendant is without sufficient information or knowledge to neither admit nor deny the allegations contained within Paragraph 21 of the Plaintiffs' Complaint as amended and therefore denies same.

22.  Defendant is without sufficient information or knowledge to neither admit nor deny the allegations contained within Paragraph 22 of the Plaintiffs' Complaint as amended and therefore denies same.

23.  Defendant denies the allegations contained within Paragraph 23 of the Plaintiffs' Complaint as amended.

24.  Defendant denies the allegations contained within Paragraph 24 of the Plaintiffs' Complaint as amended.

25.  Defendant hereby adopts and re-avers their responses to the preceding paragraphs as if fully set-out and re-averred herein in full.

26. Defendant denies the allegations contained within Paragraph 26 of the Plaintiffs' Complaint as amended as phrased.

27. Defendant denies the allegations contained within Paragraph 27 of the Plaintiffs' Complaint as amended.

28. Defendant denies the allegations contained within Paragraph 28 of the Plaintiffs' Complaint amended.

## AFFIRMATIVE DEFENSES

### FIRST DEFENSE

Defendant denies the material allegations of the Plaintiffs' Complaint and demands strict proof thereof.

### SECOND DEFENSE

Defendant says the allegations of the Plaintiffs' complaint against it are untrue.

### THIRD DEFENSE

Defendant says it is not guilty of the things and matters as alleged in the Plaintiffs' complaint.

### FOURTH DEFENSE

Defendant says the Plaintiffs' claims are barred by the doctrine of contributory negligence.

### FIFTH DEFENSE

Defendant says the Plaintiffs' claims are barred by the doctrine of assumption of the risk.

### SIXTH DEFENSE

The Plaintiffs' Complaint as amended, including each and every Count thereof, fails to state a claim upon which relief can be granted against Defendant.

### SEVENTH DEFENSE

If the Plaintiffs have been damaged, which Defendant denies, the negligence/fault of the Plaintiff and/or third parties constitutes the sole, intervening, and superseding cause(s) of the Plaintiffs' alleged damages.

### EIGHTH DEFENSE

If the Plaintiffs have been damaged, which Defendant denies, the negligence/fault of one or more persons and/or entities for whose conduct the Defendant is not legally responsible constitutes the sole, intervening, and superseding cause of the Plaintiffs' alleged damages.

### NINTH DEFENSE

If the Plaintiffs have been damaged, which Defendant denies, such damages were caused by one or more unforeseeable, independent, intervening, and/or superseding events for which the Defendant is not legally responsible.

### TENTH DEFENSE

Defendant says that any and all alleged discrepancies with the subject real estate and engineering plat were open, obvious, readily identifiable and noticeable through reasonable inspection.

### ELEVENTH DEFENSE

Defendant says that there is no privity of contract between the him and the plaintiffs. Therefore, the plaintiffs' claims against him based upon contract are therefore barred.

## TWELTH DEFENSE

1. Defendant says the complaint fails to state a claim upon which punitive damages may be awarded.

2. Defendant says any award of punitive damages to the Plaintiffs in this case will be violative of the constitutional safeguards provided to the Defendant under the Constitution of the State of Alabama.

3. Defendant says any award of punitive damages to the Plaintiffs in this case will be violative of the constitutional safeguards provided to the Defendant under the Constitution of the United States of America.

4. Defendant says an award of punitive damages to the Plaintiffs in this case may be violative of the Excessive Fines Clause of the Eighth Amendment to the United States Constitution, in that the state may share in any such award. See Browning-Ferris Indus. of Vt., Inc. v. Kelco Disposal, Inc., 492 U.S. 257 (1989).

5. Defendant says any award of punitive damages to the Plaintiffs in this case will be violative of the constitutional safeguards provided to the Defendant under the Due Process Clause of the Fourteenth Amendment to the Constitution of the United States of America in that the determination of punitive damages under Alabama law is vague, is not based upon any objective standards, is in fact standardless, and is not rationally related to legitimate government interests.

6. Defendant says any award of punitive damages to the Plaintiffs in this case will be violative of Article I, Section 6 of the Constitution of the State of Alabama, which provides that no person shall be deprived of life, liberty, or property except by due process of law, in that punitive damages are vague and are not rationally related to legitimate government interests.

7. Defendant says any award of punitive damages to the Plaintiffs in this case will be violative of the procedural safeguards provided to the Defendant under the Sixth Amendment to the Constitution of the United States of America in that punitive damages are penal in nature and consequently the Defendant is entitled to the same procedural safeguards accorded to criminal defendants.

8. Defendant says it is violative of the self-incrimination clause of the Fifth Amendment to the Constitution of the United States of America to impose against the Defendant punitive damages, which are penal in nature, yet compel the Defendant to disclose documents and evidence.

9. Defendant says it is violative of the self-incrimination clause of Article I, Section 6 of the Constitution of the State of Alabama to impose against the Defendant punitive damages, which are penal in nature, yet compel the Defendant to disclose documents and evidence.

10. Defendant says the Plaintiffs' claim of punitive damages violates the Fourth, Fifth, Sixth, Eighth, and Fourteenth Amendments of the Constitution of the United States of America on the following grounds:

(a) It is a violation of the Due Process and Equal Protection Clauses of the Fourteenth Amendment of the Constitution of the United States of America to

impose punitive damages, which are penal in nature, against a civil defendant upon the Plaintiff's satisfying a burden of proof which is less than the "beyond a reasonable doubt" burden of proof required in criminal cases;

(b) The procedures pursuant to which punitive damages are awarded fail to provide a reasonable limit on the amount of the award against the Defendant, which thereby violates the Due Process Clause of the Fourteenth Amendment of the United States Constitution;

(c) The procedures pursuant to which punitive damages are awarded fail to provide specific standards for the amount of the award of punitive damages which thereby violates the Due Process Clause of the Fourteenth Amendment of the United States Constitution;

(d) The procedures pursuant to which punitive damages are awarded result in the imposition of different penalties for the same or similar acts and, thus, violate the Equal Protection Clause of the Fourteenth Amendment of the Constitution of the United States of America;

(e) The procedures pursuant to which punitive damages are awarded permit the imposition of punitive damages in excess of the maximum criminal fine for the same or similar conduct, which thereby infringes the Due Process Clause of the Fifth and Fourteenth Amendments and the Equal Protection Clause of the Fourteenth Amendment of the Constitution of the United States of America; and

(f) The procedures pursuant to which punitive damages are awarded may result in the award of joint and several judgments against multiple defendants for

different alleged acts of wrongdoing, which infringes the Due Process and Equal Protection Clauses of the Fourteenth Amendment of the Constitution of the United States of America.

11.     Defendant says the Plaintiffs' claim of punitive damages violates the Due Process Clause of Article I, Section 6, of the Constitution of the State of Alabama on the following grounds:

(a) It is a violation of the Due Process Clause to impose punitive damages, which are penal in nature, upon a civil defendant upon the Plaintiff's satisfying a burden of proof less than the "beyond a reasonable doubt" burden of proof required in criminal cases;

(b) The procedures pursuant to which punitive damages are awarded fail to provide a limit on the amount of the award against the Defendant;

(c) The procedures pursuant to which punitive damages are awarded are unconstitutionally vague;

(d) The procedures pursuant to which punitive damages are awarded fail to provide specific standards for the amount of the award of punitive damages; and

(e) The award of punitive damages in this case would constitute a deprivation of property without due process of law.

12.     Defendant says the Plaintiffs' attempt to impose punitive or extracontractual damages on the Defendant on the basis of vicarious liability for the conduct of others violates the Fifth, Eighth, and Fourteenth Amendments of the Constitution of the United States of America.

9

13. Defendant says the award of punitive damages to the Plaintiffs in this action would constitute a deprivation of property without due process of law required under the Fifth and Fourteenth Amendments of the Constitution of the United States of America.

14. Defendant says the award of punitive damages against the Defendant in this action would violate the prohibition against laws that impair the obligations of contracts in violation of Article I, Section 22 of the Constitution of the State of Alabama.

15. Defendant says the complaint fails to state a claim for punitive damages under Alabama Code sections 6-11-20 to 6-11-30 and is barred.

16. Defendant says Alabama's system for assessing punitive damages leads to awards that are so grossly excessive as to constitute an arbitrary deprivation of life, liberty, or property in violation of the Due Process Clause of the Fourteenth Amendment to the United States Constitution. Further the Defendant did not have fair notice of the magnitude of the sanctions that may be imposed under Alabama's system for assessing punitive damages. BMW of N. Am., Inc. v. Gore, 116 S. Ct. 1589 (1996).

17. Defendant avers the demand for punitive damages in this case is subject to those limitations established by the Alabama legislature and set forth at Alabama Code section 6-11-21 (1972). Further, the Alabama Supreme Court's action in abolishing the legislatively-created cap on punitive damages was unconstitutional and without effect. Under the Constitution of the United States and the Constitution of the State of Alabama, the Alabama Supreme Court cannot abolish the cap created by the legislature on punitive damages through judicial decision. See Honda Motor Co. v. Oberg, No. 93-644, 1994 WL 276687, n.9 (U.S. June 24, 1994).

## THIRTEENTH DEFENSE

1. The award of discretionary, compensatory damages for mental suffering on behalf of the Plaintiffs violates the Fourth, Fifth, Sixth, Eighth and Fourteenth Amendments of the Constitution of the United States on the following grounds:

(a) According to Alabama law, the purpose of awarding compensatory damages is to reimburse one for loss suffered and gives the equivalent or substitute of equal value for something lost. However, there are no fixed standards for the ascertainment of compensatory damages recoverable for mental suffering. The amount of damage for such a claim is left to the sound discretion of the jury with no specific, much less objective, standard for the amount of the award. Therefore, the procedure pursuant to which compensatory damages for mental suffering are awarded violates the Constitution for the following reasons:

(i) It fails to provide a reasonable limit on the amount of the award against the Defendant, which thereby violates the Due Process Clause of the Fourteenth Amendment of the Constitution of the United States;

(ii) It fails to provide specific standards for the amount of the award of compensation, which thereby violates the Due Process Clause of the Fourteenth Amendment of the United States Constitution;

(iii) It results in the imposition of different compensation for the same or similar acts and, thus, violates the Equal Protection Clause of the Fourteenth Amendment of the United States Constitution; and

(iv) It constitutes deprivation of property without due process of law required under the Fifth and Fourteenth Amendments of the United States Constitution.

   (b) The award of discretionary compensatory damages for mental suffering to the Plaintiff violates the Due Process Clause of Article I, Section 6 of the Constitution of Alabama on the following grounds:

   (i) It fails to provide a limit on the amount of the award against the Defendant;

   (ii) It is unconstitutionally vague;

   (iii) It fails to provide specific standards in the amount of the award of such damages; and

   (iv) It constitutes a deprivation of property without due process of law.

ATTORNEYS FOR DEFENDANT,
RON REEVES

/s/ Leon A. Boyd, V
LEON A. BOYD, V (BOY035)
HERMAN COBB (COB022)

OF COUNSEL:
COBB, DERRICK, BOYD & WHITE
206 N. Lena Street
Post Office Box 2047
Dothan, Alabama 36302-2047
(334) 677-1000  (334) 699-3500 (fax)

CERTIFICATE OF SERVICE

       I hereby certify that I have this day forwarded a copy of the foregoing document to the following by placing a copy of same in the United State Mail, or by electronic means on this the 7th day of August, 2007.

David Rousseau, Esq.
211 W. Adams Street
Dothan, Alabama 36303


Benjamin Bowden, Esq.
PO Box 880
Andalusia, AL 36420-0880

                                       /s/ Leon A. Boyd, V
                                       OF COUNSEL