IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| MICHAEL MCMURPHY and MICHELLE MCMURPHY, | ) ) ) |
| PLAINTIFFS, | ) ) ) |
| VS. | ) ) Case No.: 1:07-cv-590-MHT ) |
| JOHNNY HENDERSON, et al., | ) ) ) |
| DEFENDANTS. | ) |

### DEFENDANT ENTERPRISE SURVEYING, LLC'S ANSWER TO PLAINTIFFS' FIRST AMENDED COMPLAINT

Comes now Defendant, Enterprise Surveying, LLC, by and through counsel, and hereby answers Plaintiffs' First Amended Complaint as follows:

1. Denied.

2. This Defendant does not have sufficient information to admit or deny the allegations in paragraph 2. Therefore, the allegations contained in paragraph 2 are denied.

3. Paragraph 3 contains an allegation directed at another Defendant. To the extent that the allegation in paragraph 3 concerns this Defendant, that allegation is denied.

4. Paragraph 4 contains an allegation directed at another Defendant. To the extent that the allegation in paragraph 4 concerns this Defendant, that allegation is denied.

5. Paragraph 5 contains an allegation directed at another Defendant. To the extent that the allegation in paragraph 5 concerns this Defendant, that allegation is denied.

6. Admitted.

7. Admitted.

8. Denied.

### COUNT ONE - RESCISSION OF CONTRACT

9. The Defendant realleges all answers to previous paragraphs of the Complaint as if set out here in full.

10. Paragraph 10 contains an allegation directed at another Defendant. To the extent that paragraph 10 contains allegations against this Defendant, those allegations are denied.

11. This Defendant does not have sufficient information to admit or deny the allegations in paragraph 11. Therefore, the allegations in paragraph 11 are denied.

12. This Defendant does not have sufficient information to admit or deny the allegations in paragraph 12. This Defendant denies that it prepared any plat that was inaccurate. To the extent there are any material allegations directed at this Defendant in paragraph 12, those allegations are denied.

13. This Defendant does not have sufficient information to admit or deny the allegations in paragraph 13. This Defendant denies that it prepared any plat that was inaccurate. To the extent there are any material allegations directed at this Defendant in paragraph 13, those allegations are denied.

14. This Defendant does not have sufficient information to admit or deny the allegations contained in paragraph 14 and therefore, those allegations are denied.

15. This Defendant does not have sufficient information to admit or deny the allegations contained in paragraph 15 and therefore, those allegations are denied.

## COUNT TWO - BREACH OF CONTRACT

16. The Defendant realleges all answers to previous paragraphs of the Complaint as if set out here in full.

17. Denied.

18. Denied.

## COUNT THREE - FRAUD

19. The Defendant realleges all answers to previous paragraphs of the Complaint as if set out here in full.

20. The allegations in paragraph 20 are directed at another Defendant. To the extent that the allegations in paragraph 20 are directed at this Defendant, those allegations are denied.

21. The allegations in paragraph 21 are directed at another Defendant. To the extent that the allegations in paragraph 21 are directed at this Defendant, those allegations are denied.

22. The allegations in paragraph 22 are directed at another Defendant. To the extent that the allegations in paragraph 22 are directed at this Defendant, those allegations are denied.

23. To the extent that paragraph 23 contains an allegation against this Defendant, that allegation is denied.

24. Denied.

## COUNT FOUR - NEGLIGENCE

25. The Defendant realleges all answers to previous paragraphs of the Complaint as if set out here in full.

26. The allegations alleged against this Defendant in paragraph 26 are denied.

27. The allegations alleged against this Defendant in paragraph 27 are denied.

28. Denied.

## AFFIRMATIVE DEFENSES

1. The Plaintiffs' Complaint fails to state a claim upon which relief can be granted.

2. The Defendant is not guilty of any negligence in this matter.

3. There is no privity between this Defendant and the Plaintiffs.

4. The Defendant pleads the applicable statute of limitations.

5. The Defendant has no duty to the Plaintiffs as any work performed by this Defendant was for other parties other than the Plaintiffs.

6. The conditions of the real property complained of in the Complaint were open, obvious and discoverable by a reasonable inspection.

7. The Defendant's actions in this matter were not the proximate cause of the damages or injuries claimed by Plaintiffs.

8. The Defendant asserts that the Plaintiffs' claims are barred by the doctrine of waiver, ratification, acquiescence, and laches.

9. The Plaintiff has failed to mitigate their damages according to Alabama law.

10. To the extent that the Plaintiffs seek punitive damages against this Defendant, the Defendant pleads the statutory limit of damages and other procedural requirements relating to the imposition of punitive damages in Ala. Code § 6-11-20, *et seq*.

## **CONSTITUTIONAL DEFENSES**

To the extent that the Plaintiffs seek punitive damages against this Defendant, the Defendant pleads the following additional Constitutional Defenses:

1.  The imposition of punitive damages against this Defendant in a civil action based upon the burden of proof applicable therein deprives this Defendant of the constitutional rights afforded to it by the Fifth Amendment of the Constitution of the United States of America and Article I, Section 6 of the Constitution of the State of Alabama, by depriving the Defendant of its property without due process of law.

2.  The Plaintiffs' claims for punitive damages against this Defendant cannot be sustained, because any award of punitive damages under Alabama law without bifurcating the trial of all punitive damage issues from the liability issues in this case would violate the Defendant's due process rights guaranteed by the Fifth and Fourteenth Amendments of the United States Constitution and the due process provisions of the Alabama Constitution, Article I, Section 6.

3.  This Defendant avers that any award of punitive damages to the Plaintiffs in this case would violate the Eight Amendment to the Constitution of the United States and that the damages would be an excessive fine in violation of the Excessive Fines clause contained within said Amendment.

4.  In addition to the above averments, this Defendant also adopts by reference the defenses, criteria, limitations, and standards maintained by the Supreme Court of the United States in *BMW of North America, Inc., v. Gore*, 517 U.S. 559 (1996) and *Cooper Industries, Inc., v. Leatherman Tool Group, Inc.*, 531 U.S. 923, (2001) and the Alabama Supreme Court in *Hammond v. City of Gadsden*, 493 So. 2d 1374 (Ala. 1986) and *Green Oil Co. v. Hornsby*, 539 So. 2d 218 (Ala. 1984).

Respectfully submitted,

s/ Benjamin M. Bowden
Benjamin M. Bowden
Attorney for Defendant, Enterprise Surveying, LLC
Albrittons, Clifton, Alverson,
Moody & Bowden, P.C.
Post Office Drawer 880
Andalusia, Alabama 36420
Telephone : (334)-222-3177
Fax:  (334)-222-2696
BOW035
E-mail: bbowden@albrittons.com

## **CERTIFICATE OF SERVICE**

  I hereby certify that on August 9, 2007, I electronically filed the foregoing with the Clerk of the Court using the efile.alacourt system which shall send notification of such filing to the following counsel of record which includes:

Mr. David W. Rousseau
211 W. Adams Street
Dothan, Alabama 36303

Mr. Leon Augustus Boyd
Mr. Herman Warren Cobb
Cobb Derrick Boyd & White
Post Office Box 2047
Dothan, Alabama 36302-2047

                s/ Benjamin M. Bowden
                Of Counsel