IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| MICHAEL MCMURPHY and ) | |
| MICHELLE MCMURPHY, ) | |
| ) | |
|     PLAINTIFFS, ) | |
| ) | |
| VS. ) | Case No.: 1:07-cv-590-MHT |
| ) | |
| JOHNNY HENDERSON, et al., ) | |
| ) | |
|     DEFENDANTS. ) | |

### DEFENDANTS JOHN ROBERT CHANCEY'S AND ENTERPRISE SURVEYING, LLC'S

### MOTION FOR SUMMARY JUDGMENT

Comes now Defendants Enterprise Surveying, LLC, and John Robert Chancy and pursuant to Fed. R. Civ. P. 56, hereby move this Honorable Court to grant judgment in their favor as a matter of law. In support of this Motion, the Defendants say the following:

1. The Plaintiffs filed their original Complaint on June 27, 2007, and their First Amended Complaint on July 17, 2007 (collectively referred to as the "Complaint"). The Plaintiffs allege they were misled about the characteristics of certain real property they purchased in the "Williamsburg I" subdivision in Enterprise, Alabama. According the Plaintiffs', they were unaware that a portion of the lots they purchased contained wetlands. The Plaintiffs also claim that a drainage or sewer easement or easements were not correctly depicted on the subdivision plats and that this easement or easement in fact

crosses their property. The Plaintiffs allege these factors were hidden from them and caused them to pay more for the property than it was worth.

      2. Defendants Enterprise Surveying, LLC ("Enterprise Surveying") and John Robert Chancy ("Chancy") are two of several defendants named in the suit. The seller and engineer are also named as Defendants. The Plaintiffs claim Enterprise Surveying and Chancy surveyed and prepared the plat at issue in this case with the knowledge that others would be relying on their work. The suit further claims these Defendants were negligent in the way the plats were prepared. The Complaint does not specifically state how these Defendants were negligent.

      3. Summary judgment shall be rendered if the evidence "show[s] that there is no genuine issue of material fact and that the movant is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c). "Once the moving party has met its burden, Rule 56 requires the nonmoving party to go beyond the pleadings and by affidavits, or by the depositions, answers to interrogatories, and admissions on file, designate specific facts showing that there is a genuine issue for trial. To avoid summary judgment, the nonmoving party must do more than show that there is some metaphysical doubt as to the material facts." *Drakeford v. Alabama Co-op. Extension Service*, 416 F. Supp. 2d 1286, 1291 (M.D. Ala. 2006) (internal citations omitted).

      4. The Plaintiff's have failed to produce any evidence establishing the negligence of these Defendants other than the allegations contained in the Complaint.

      5. The Defendants have produced an affidavit from Defendant John Robert Chancy stating that both he and Enterprise Survey completed all the surveying matters in accordance with industry standards. (Ex. "A"). The affidavit also states that these

Defendants had no contractual relationship or contact with the Plaintiffs. As such, the affidavit establishes for the purpose of this motion that these Defendants were not negligent in performing the surveying work in this case.

      6. The testimony from Chancy provides undisputed evidence these Defendants are not liable in this case. The Plaintiffs have produced no evidence to the contrary. There being no genuine issue of material fact as to these Defendants' liability, Enterprise Surveying, LLC and John Robert Chancey are entitled to judgment in their favor as a matter of law.

                                                Respectfully submitted,

                                                s/Benjamin M. Bowden
                                                Benjamin M. Bowden
                                                Attorney for Defendants, John Robert
                                                Chancey and Enterprise Surveying, LLC
                                                Albrittons, Clifton, Alverson,
                                                Moody & Bowden, P.C.
                                                Post Office Drawer 880
                                                Andalusia, Alabama 36420
                                                Telephone : (334)-222-3177
                                                Fax:  (334)-222-2696
                                                BOW035
                                                E-mail: bbowden@albrittons.com

**CERTIFICATE OF SERVICE**

      I hereby certify that on February 29, 2008, I electronically filed the foregoing with the Clerk of the Court using the efile.alacourt system which shall send notification of such filing to the following counsel of record which includes:

Mr. David W. Rousseau
211 W. Adams Street
Dothan, Alabama 36303

Mr. Leon Augustus Boyd  
Mr. Herman Warren Cobb  
Cobb Derrick Boyd & White  
Post Office Box 2047  
Dothan, Alabama 36302-2047  

                                                  s/Benjamin M. Bowden  
                                                  Of Counsel

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| MICHAEL MCMURPHY and MICHELLE MCMURPHY, | ) ) ) |
| PLAINTIFFS, | ) ) |
| VS. | ) ) Case No.: 1:07-cv-590-MHT ) |
| JOHNNY HENDERSON, et al., | ) ) |
| DEFENDANTS. | ) |

## AFFIDAVIT

Comes now John Robert Chancey, and after being duly sworn, does hereby testify as follows:

My name is John Robert Chancey. My business address is 210 East Grubbs Avenue, St. 6, Enterprise, Alabama, 36330. I am a Professional Licensed Surveyor and hold a surveying license from the State of Alabama. The following testimony is based on matters of which I have first-hand knowledge or from information that has been made known to me.

I have reviewed the allegations in this suit against me and Enterprise Surveying, LLC. I have also reviewed the recorded plat of the subdivision at issue in this case as well as other plats and maps prepared by me or other employees of Enterprise Surveying. A true and correct copy of the recorded plat is attached to my affidavit.

In my opinion, both Enterprise Surveying and myself performed all assigned tasks competently and professionally and in accordance with industry standards. The internal and external boundaries are all correct and the legal descriptions match the boundaries. The wetlands at issue are properly delineated and clearly marked on the recorded plat. With regard to the creation or location of easements, I was not retained to draw known or existing easements or to plat or create any new easements.

Based on my review, neither I nor Enterprise Surveying were negligent in the work done in this case.

In addition, I never had any contractual relationship with the Plaintiffs and I never had any contact with them whatsoever about the lots they purchased that are at issue in this case.

Further saith the affiant not.

_____
John Robert Chancey

STATE OF ALABAMA}
_Coffee_ COUNTY}

I, _the undersigned_, a Notary Public in and for said County, in said State, hereby certify that John Robert Chancey, whose name is signed to the foregoing Affidavit and who is known to me, acknowledged before me under oath on this day that after first being duly sworn and after being informed of the contents of this Affidavit, that the same is true. He then executed the same voluntarily on the day the same bears date.

Given under my hand and official seal this, the _28th_ day of _February_, 2008.

_____
NOTARY PUBLIC

My commission expires:

_2/02/11_
(NOTARIAL SEAL)