IN THE DISTRICT COURT OF THE UNITED STATES FOR THE

MIDDLE DISTRICT OF ALABAMA, SOUTHERN DIVISION

```
MICHAEL McMURPHY and        )
MICHELLE McMURPHY,          )
                            )
    Plaintiffs,             )
                            )      CIVIL ACTION NO.
    v.                      )        1:07cv590-MHT
                            )
JOHNNY HENDERSON, etc.,     )
et al.,                     )
                            )
    Defendants.             )
```

ORDER

It is ORDERED as follows:

(1) The motion to withdraw as attorney (Doc. No. 28) is granted.

(2) The motion for extension of time to find new counsel (Doc. No. 28) is granted. Plaintiffs are allowed until April 25, 2008, to obtain new counsel. If plaintiffs have not obtained new counsel by April 25, 2008, the court will, at

      that time, assume that plaintiffs are representing themselves.

(3) The motion for summary judgment (Doc. No.24) is reset for submission, without oral argument, on May 9, 2008, with any opposing brief and evidentiary materials due by said date. If plaintiffs have not obtained new counsel by April 25, 2008, plaintiffs are obligated to respond to the pending summary-judgment motion themselves.

The parties should take special note that the motion to be considered by the court is a motion for summary judgment. In responding to a motion for summary judgment, the parties should pay particular attention to the provisions of Rule 56(e) of the Federal Rules of Civil Procedure. That rule states, in pertinent part:

> "When a motion for summary judgment is properly made and supported, an opposing party may not rely merely on allegations or denials in its own pleading; rather, its response must--by affidavits or as otherwise provided in this rule--set out

> specific facts showing a genuine issue for trial. If the opposing party does not so respond, summary judgment should, if appropriate, be entered against that party."

Parties representing themselves without counsel should be particularly aware of the requirements of the rule. A party opposing a motion for summary judgment cannot rely on his pleadings but must oppose the motion by filing sworn affidavits that demonstrate that there is a genuine issue of material fact for trial in this case.[1] Failure to file sworn affidavits may result in this court accepting the moving party's evidence as the truth.[2] If documents are referred to in the opposing affidavits and have not been previously filed with the court, sworn or certified copies of those documents must be attached to the affidavits or served with them.

---

1. An affidavit is a sworn statement in writing made under oath or on affirmation before a notary public or other authorized officer.

2. If the party opposing the motion is unable to present, by affidavit, facts essential to justify his opposition, then he must file a sworn statement as to why he is unable to do so.

Failure to follow the requirements of Rule 56 regarding the proper way to oppose a motion for summary judgment may result in the court granting the motion and entering final judgment in favor of the moving party without there being a trial.

DONE, this the 26th day of March, 2008.

                                            /s/ Myron H. Thompson
                                     **UNITED STATES DISTRICT JUDGE**