IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| MICHAEL McMURPHY, *et al.*, | ) |
| | ) |
| Plaintiffs, | ) |
| | ) |
| v. | ) CASE NO. 1:07-CV-590-MHT |
| | ) |
| JOHNNY HENDERSON, *et al.*, | ) |
| | ) |
| Defendants. | ) |

### REPORT AND RECOMMENDATION OF THE MAGISTRATE JUDGE

Pursuant to 28 U.S.C. § 636(b)(1) this case was referred to the undersigned United States Magistrate Judge for action or recommendation on all pretrial matters as may be appropriate. (Doc. #30, entered April 30, 2008). Pending before the Court is Defendant John Robert Chancey's and Enterprise Surveying, LLC's *Motion for Summary Judgment and Affidavit in Support* (Doc. # 24, entered February 29, 2008). Plaintiffs have not responded to Defendant Chancey's *Motion*. Having reviewed the *Amended Complaint* (Doc. #6, filed July 17, 2007) and the pending *Motion*, it is the Recommendation of the Magistrate Judge that the motion be granted.

### I. FACTUAL BACKGROUND

The parties in this case are Plaintiffs Michael and Michelle McMurphy ("McMurphys"), both resident citizens of Florida. Mr. McMurphy is an officer in the United States Army stationed in Fort Rucker, Alabama, and is currently deployed overseas. Mrs.

McMurphy currently resides in the Fort Rucker area. The McMurphys asserted claims for rescission of contract, breach of contract, and fraud against Johnny Henderson of Williamsburg I, L.L.C. ("Henderson"). The claims arose from Henderson's sale of five real estate lots to the McMurphys, which they allege to be unusable for its intended purpose because portions of the lots are classified as protected wetlands, and for fees incurred for easements. The McMurphys asserted negligence claims against John Robert Chancey of Enterprise Surveying, Inc., and Ron Reeves, d.b.a. Johnson and Reeves Engineering, alleging detrimental reliance on the negligent preparation of plats by one or both of the remaining defendants. All defendants reside in and conduct business in Coffee County, Alabama.

The pending *Motion* was filed by Defendant Chancey/Enterprise Surveying, L.L.C. Plaintiffs have not responded despite the Court's direction to submit any opposing brief and evidentiary materials by May 9, 2008. (Doc. #29, entered March 26, 2008).

## II. SUMMARY JUDGMENT STANDARD

A party in a lawsuit may move a court to enter summary judgment before trial. FED. R. CIV. P. 56(a) and (b). Summary judgment is appropriate when the moving party establishes that there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. FED. R. CIV. P. 56(c); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322-24, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986); *Gonzalez v. Lee County Housing Authority*, 161 F.3d 1290, 1294 (11th Cir. 1998). "[T]he substantive law will identify which facts are material." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248, 106 S.Ct. 2505, 2510, 91 L.Ed.2d 202 (1986). Only disputes about those facts will preclude the granting of summary

judgment. *Id.* A material fact is one "that might affect the outcome of the suit under governing law," and a dispute about a material fact is "genuine" "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Id.*; *see also Slomcenski v. Citibank, N.A.*, 432 F.3d 1271, 1277 (11th Cir. 2005) (quoting *Hudgens v. Bell Helicopters/Textron*, 328 F.3d 1329, 1344-45 (11th Cir. 2003)) ("In determining whether an issue of fact is 'genuine' for the purpose of defeating summary judgment, we ask whether the evidence is 'such that a reasonable jury could return a verdict for the nonmoving party.'").

Thus, the initial burden of proof in a motion for summary judgment rests on the movant. *Celotex*, 477 U.S. at 325; *Gonzalez*, 161 F.3d at 1294. This burden is satisfied when the movant shows that if the evidentiary record were reduced to admissible evidence at trial, it would be insufficient to permit the non-movant from carrying its burden of proof. *Celotex*, 477 U.S. at 322-23. The admissibility of evidence is subject to the same standards and rules that govern admissibility of evidence at trial. *Clemons v. Dougherty County, Georgia*, 684 F.2d 1365, 1369 n.5 (11th Cir. 1982) (citing *Pan-Islamic Trade Corp. v. Exxon Corp.*, 632 F.2d 539, 556 (5th Cir. 1980)). Once the movant meets its burden under Rule 56, the non-movant must designate specific facts showing there is a genuine issue for trial. *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 586-87, 106 S.Ct. 1348, 89 L.Ed.2d 538 (1986). Conclusory assertions, unsupported by specific facts, presented in affidavits opposing the motion for summary judgment are likewise insufficient to defeat a proper motion for summary judgment. *Lejaun v. Nat'l Wildlife Federation*, 497

U.S. 871, 888, 110 S.Ct. 3177, 111 L.Ed.2d 695 (1990). The party opposing summary judgment must respond by setting forth specific evidence in the record and articulating the precise manner in which that evidence supports his or her claim, and my not rest upon the mere allegations or denials of the pleadings. FED. R. CIV. P. 56(e); *Johnson v. Board of Regents of University of Georgia*, 263 F.3d 1234, 1264 (11th Cir. 2001).

In determining whether a genuine issue for trial exists, the court must view all the evidence in the light most favorable to the non-movant. *Johnson*, 263 F.3d at 1242-43; *Smith v. F.D.I.C.*, 61 F.3d 1552, 1562 n. 18 (11th Cir. 1995) (on summary judgment, the court resolves all reasonable doubts about the facts in favor of the nonmovant). If the non-moving party fails to make a showing sufficient to establish the existence of an element essential to its case on which it will bear the burden of proof at trial, summary judgment <u>must</u> be granted. *Celotex*, 477 U.S. at 322-23.

### III. DISCUSSION

Count Four of Plaintiffs' *Amended Complaint* alleges "[T]hrough the negligence of either the engineering company or the surveyor, the plat of the property sold by [Henderson] did not accurately reflect the actual easements nor did the plat accurately reflect the existence of protected wetland areas on plat which was provided to the Plaintiffs." The Plaintiffs contend they would not have bought the land but for the negligence of the engineer or surveyor, or both. *See* Doc. # 6, at ¶¶ 27-28. Movant Chancey/Enterprise Surveying states Plaintiffs have failed to produce any evidence of negligence in his work, that he completed the survey and plat in accordance with industry standards, and that he had no contractual

relationship or contact with the Plaintiffs. *See* Doc. #24, at ¶¶ 4-5. Defendant also filed the subdivision plat of the subdivision at issue in this case. (Doc. #25, filed March 4, 2008). The affidavit states the surveying assignment was performed "competently and professionally," with the wetlands at issue properly delineated and clearly marked. Defendant Chancey further states his duties did not include the illustration of easements. *See* Doc. #24-2.

Read broadly, the *Amended Complaint* alleges an undertaking of work by Chancey, Chancey's knowledge that others would rely upon his work, and the mere *possibility* that Chancey's failure (or Reeves' failure) to meet the standards for their respective industries caused Plaintiffs harm. Chancey's averment that his work was competent and professional refutes the assertion of negligence in his preparation of the plat, and further, removes any obligation to incorporate easements, or the lack thereof, into his work. The affidavit sufficiently rebuts Plaintiffs' general claim of negligence against Chancey, and establishes Chaney is entitled to judgment as a matter of law. FED. R. CIV. P. 56. Plaintiffs' failure to respond to Chancey's *Motion* constitutes a failure "to make a showing sufficient to establish the existence of an element essential to its case on which it will bear the burden of proof at trial . . . ." *Celotex*, *id*. Consequently, the Court finds Chancey is therefore entitled to summary judgment on Plaintiffs' Count Four negligence claim.

## CONCLUSION

For the foregoing reasons, it is the RECOMMENDATION of the Magistrate Judge

(1) that the *Motion for Summary Judgment* (Doc. #24) filed by Defendant

Chancey/Enterprise Surveying be **GRANTED;** and,

(2) that Defendant Chancey/Enterprise Surveying no longer continue as a defendant in this case.

***It is further ORDERED that the parties shall file any objections to the said Recommendation by May 28, 2008.*** Any objections filed must specifically identify the findings in the Magistrate Judge's Recommendation objected to. Frivolous, conclusive or general objections will not be considered by the District Court. The parties are advised that this Recommendation is not a final order of the court and, therefore, it is not appealable.

Failure to file written objections to the proposed findings and recommendations in the Magistrate Judge's report shall bar the party from a *de novo* determination by the District Court of issues covered in the report and shall bar the party from attacking on appeal factual findings in the report accepted or adopted by the District Court except upon grounds of plain error or manifest injustice. *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982). *See Stein v. Reynolds Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982). *See also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981, *en banc*), adopting as binding precedent all of the decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981.

Done this 15th day of May, 2008.

/s/ Terry F. Moorer
TERRY F. MOORER
UNITED STATES MAGISTRATE JUDGE