```
       IN THE DISTRICT COURT OF THE UNITED STATES FOR THE

         MIDDLE DISTRICT OF ALABAMA, SOUTHERN DIVISION


MICHAEL McMURPHY and         )
MICHELLE McMURPHY,           )
                             )
     Plaintiffs,             )
                             )    CIVIL ACTION NO.
     v.                      )      1:07cv590-MHT
                             )
JOHNNY HENDERSON, etc.,      )
et al.,                      )
                             )
     Defendants.             )
```

### ORDER ON PRETRIAL HEARING

A pretrial hearing was held in this case on June 2, 2008, wherein the following proceedings were held and actions taken:

1. **PARTIES AND TRIAL COUNSEL:**

   **COUNSEL APPEARING AT PRETRIAL HEARING:**

   Pro Se Plaintiffs:     Michael McMurphy
                                 Michelle McMurphy
                                 32 Johnson Street
                                 Ft. Rucker, AL 36362

   Counsel for Defendant
   Ron Reeves d/b/a Johnson
   & Reeves Engineering:     Herman Cobb
                                 Leon A. Boyd

          **COBB DERRICK BOYD& WHITE     P.O. Box 2047**
          **Dothan, AL 36302**

**Counsel for Defendant**
**John Robert Chancey and**
**Enterprise Surveying, LLC:**  **Benjamin M. Bowden**
          **Albrittons, Clifton, Alverson,**
          **Moody & Bowden, P.C.**
          **P.O. Drawer 880**
          **Andalusia, AL 36420**

  **2. JURISDICTION AND VENUE: The Parties stipulate that venue and jurisdiction is proper.**

  **3. PLEADINGS: The following pleadings and amendments were allowed: Plaintiffs' Complaint and Defendants' Answers to Complaint and affirmatives defenses contained therein.**

  **4. CONTENTIONS OF THE PARTIES:**

  **(a) The Plaintiffs: The Plaintiffs make claim for fraud and breach of contract relating to the purchase of four lots in the Williamsburg I subdivision for certain variances between the property as platted and the location of wetlands and easements on the property. The Plaintiffs contend that the property is not usable in the manner they anticipated due to the improperly placed easements and undisclosed wetlands.**

**(b)     Defendant Ron Reeves d/b/a Johnson & Reeves Engineering:** Defendant Reeves contends that due to lack of privity, he owes no contractual duty to the Plaintiffs.  His contract was with Mr. Henderson and/or Williamsburg I of Enterprise, L.L.C..  In addition this Defendant contends that the alleged variances and/or easements were open and obvious upon reasonable inspection.  Defendant Reeves contends further that the wetland areas were disclosed and identified within the with the final plat of the Williamsburg development as recorded in the office of the Probate Judge, Coffee County, Enterprise, Alabama.

**(c)     Defendants John Robert Chancey and Enterprise Surveying, LLC** contend that due to lack of privity, he owes no contractual duty to the Plaintiffs. His contract was with Mr. Henderson and/or Williamsburg.  In addition this Defendant contends that the alleged variances were open and obvious upon reasonable inspection and that these Defendants performed all surveying duties in a competent and reasonable fashion.

**5.     STIPULATIONS BY AND BETWEEN THE PARTIES:**

**(a)     **On or about November 16, 2006, Plaintiffs purchased from Williamsburg I of Enterprise, LLC five (5) residential lots within the Williamsburg subdivision located in Enterprise, Alabama.

**(b)     The purchase price of the five (5) residential lots was $245,000.**

**(c)     Defendant Ron Reeves d/b/a Johnson & Reeves Engineering prepared the engineering drawings for the Williamsburg development and final plat that was duly recorded in Plat Book 3, Page 318 in the Office of the Judge of Probate, Enterprise, Coffee County, Alabama.**

**(d)     Defendant Ron Reeves d/b/a Johnson and Reeves Engineering was not responsible for the placement, identification and/or disclosure of the wetland restrictions within the Williamsburg development. Defendant Ron Reeves d/b/a Johnson and Reeves Engineering only identified said wetland restrictions within the final plat of the Williamsburg development recorded in Plat Book 3, Page 318 in the Office of the Judge of Probate, Enterprise, Coffee County, Alabama.**

**(e)     Plaintiffs had no communication with Defendant Ron Reeves at any time material to the transactions that are made the basis of the Plaintiffs' Complaint.**

**(f)     Plaintiffs accepted title to the real estate that forms the basis of this action subject to any and all easements, restrictions, reservations, mineral rights and rights-of-way appearing of record, or that may have existed de-facto at the time of the closing of the transaction.**

**(f)     Plaintiffs did not rely on any representation made by Defendant Ron**

4

**Reeves d/b/a Johnson & Reeves Engineering in the course of the transaction that is made the basis of the Plaintiffs' Complaint.**

It is ORDERED that:

(1) The jury selection and trial of this cause, which is to last two days, are set for July 21, 2008, at 10:00 a.m. at the United States Courthouse in Dothan, Alabama;

(2) A trial docket will be mailed to counsel for each party approximately two weeks prior to the start of the trial term;

(3) Each party shall have available at the time of trial, for use by the court (the judge, the courtroom deputy clerk, and the law clerk), three copies of the exhibit list and a sufficient number of copies of each photostatically reproducible exhibit for opposing counsel, the courtroom deputy clerk, the law clerk, the jurors, and the judge to each have a set of the exhibits;

(4) Trial briefs are required to be filed by July 16, 2008;

(5) All deadlines not otherwise affected by this

order will remain as set forth in the uniform scheduling order (Doc. No. 22) entered by the court on September 25, 2007; and

(6) All understandings, agreements, deadlines, and stipulations contained in this pretrial order shall be binding on all parties unless this order be hereafter modified by Order of the court.

DONE, this the 3rd day of June, 2008.

                            /s/ Myron H. Thompson
                            **UNITED STATES DISTRICT JUDGE**